UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TODD AUSTIN HOGAN,<br><br>          Plaintiff,<br><br>v.<br><br>CORRECTIONAL MEDICAL SERVICES (CMS), DR. ALICE DAWSON, DR. GARRETT, LORNA HUFFMAN, KATHLEEN NIEKO, R.N., JAN EPP, JOHN DOE #1,<br><br>          Defendants. | Case No. 1:12-cv-00295-EJL-CWD<br><br>**ORDER RE DKT. 37, 39**<br><br>**REPORT AND RECOMMENDATION TO DISMISS DEFENDANTS GARRETT, HUFFMAN, EPP, AND DOE #1** |

      Currently pending are several motions. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter will be decided on the record before this Court without oral argument. D. Idaho L. Rule 7.1.

      Plaintiff alleges that two of the Defendants, Dr. Dawson and Ms. Niecko, provided medical care for his shoulder injury in a deliberately indifferent manner between 2004 and 2012, while Plaintiff was incarcerated at the Idaho State Correctional Institution

**ORDER - 1**

(ISCI). On March 4, 2014, this Court issued a memorandum decision and order on the Defendants' motion to dismiss. (Dkt. 24.) The Court allowed certain claims to proceed against Dr. Dawson and Ms. Nieko. The Court further ordered the parties to provide each other with relevant information, and directed Plaintiff to serve all un-served Defendants, who at that time were Dr. Garrett, Lorna Huffman, Jan Epp, and John Doe #1, within 60 days. The Court also provided instructions for how to obtain a subpoena to request information and production of documents by nonparties.

Later, Plaintiff filed a motion to reconsider. On July 10, 2014, this Court issued an order reaffirming its prior decision that Plaintiff could not proceed on his claim against Correctional Medical Services (CMS). The Court allowed Plaintiff an additional 60 days from the date of its order to effectuate service on the unserved defendants (Garrett, Huffman, Epp). The Court explained that it could not order service on these Defendants, but that the Clerk of Court could effectuate service of process if Plaintiff informed the Court of Defendants' physical addresses. The Court informed Plaintiff that, if he failed to serve the Defendants or provide addresses to the Court within 60 days, Plaintiff's claims against them would be dismissed. Sixty days from July 10, 2014, was September 8, 2014.

On July 25, 2014, Plaintiff requested the assistance of the U.S. Marshals Service in locating and serving the unserved Defendants in his case. (Dkt. 35.) Then, on September 22, 2014, Plaintiff filed a motion to compel asking the Court to compel CMS to provide the U.S. Marshals Service with the address, phone number, and identity of John Doe #1 so that the U.S. Marshal may serve all unserved Defendants. (Dkt. 37.) Plaintiff asserts that, because of his prisoner status, Corizon "will not provide him with

ORDER - 2

the addresses of current or former staff members." (Dkt. 37 at 2.) Finally, also on September 22, 2014, Plaintiff filed a motion to compel the U.S. Marshals Service to serve the Plaintiffs' complaint upon all unserved Defendants (Garret, Huffman, Epp, and Doe) in this action. He again asserts that, because of his prisoner status, he is unable to locate or serve these Defendants. Defendants Dawson and Niecko filed an opposition to Plaintiff's motions to compel (Dkt. 39, 40), citing the terms of the Court's July 10, 2014 Order.

      This Court has already given Plaintiff sufficient time, including one extension, within which to provide the Clerk of Court with the names and addresses of the unserved Defendants such that the Clerk of Court could instruct the U.S. Marshals Service to serve the complaint. The Court further explained the subpoena process to Plaintiff, and how it could be used to obtain information from non-parties, such as the names and addresses of unserved Defendants. Plaintiff failed to avail himself of the tools he had at his disposal to obtain the information necessary to effectuate service. He cannot compel the U.S. Marshals Service to locate persons for him. And, he cannot at this late date "compel" non-parties to provide the addresses and information he seeks to serve Defendants Garrett, Huffman, Epp, and Doe. Nor can he compel the U.S. Marshals Service to serve his complaint on the unserved Defendants without first providing the addresses to do so. The motions not only are improper in light of the instructions in the Court's two prior orders, but were untimely filed.

The Court therefore **DENIES** the motions (Dkt. 37, 38), and recommends that the District Judge enter an order of dismissal without prejudice as to the unserved Defendants Dr. Garrett, Lorna Huffman, Jan Epp, and John Doe #1.

Plaintiff's remaining request is for copies of his case file. (Dkt. 36.) Upon transfer to another institution, Plaintiff asserts that his case file was lost. Accordingly, enclosed with this Order are copies of the docket sheet, and copies of the following court filings and orders: Docket Nos. 3, 6, 7, 9, 10, 11, 17, 20, 21, 24, 25, and 34.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion to Compel Discovery (Dkt. 37) is **DENIED.**

2) Plaintiff's Motion to Compel U.S. Marshals Service to Conduct Service (Dkt. 39) is **DENIED.**

Dated: **February 24, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

# RECOMMENDATION

Based upon the above, the Court hereby recommends that the District Judge enter an order of dismissal without prejudice as to Defendants Dr. Garret, Lorna Huffman, Jan Epp, and John Doe #1.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **February 24, 2015**

Honorable Candy W. Dale
United States Magistrate Judge