UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TODD AUSTIN HOGAN,<br><br>                Plaintiff,<br><br>   v.<br><br>CORRECTIONAL MEDICAL SERVICES (CMS), DR. ALICE DAWSON, DR. GARRETT, LORNA HUFFMAN, KATHLEEN NIEKO, R.N., JAN EFF, JOHN DOE #1,<br><br>                Defendants. | Case No. 1:12-CV-00295-EJL-CWD<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## INTRODUCTION

On February 24, 2015, Chief United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that this Court enter an order of dismissal without prejudice as to Defendants Dr. Garrett, Lorna Huffman, Jan Epp, and John Doe #1. (Dkt. 42.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate

**ORDER ON REPORT AND RECOMMENDATION- 1**

judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). Plaintiff has filed objections to the Report. (Dkt. 44.) The matter is now ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days

of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

The Court has reviewed the entire Report as well as the record in this matter for clear error on the face of the record and none has been found. The Court has also conducted a *de novo* review of those portions of the Report to which the Plaintiff has objected and finds as follows.

## DISCUSSION

The Plaintiff has been previously provided instructions and directed to serve all un-served Defendants. Despite an extension and additional instruction, the Plaintiff has failed to complete service of these Defendants. As such, the Report recommends that the un-served Defendants be dismissed without prejudice. Plaintiff has filed an objection to the Report asking that this Court grant him leniency as a *pro se* prisoner litigant and allow him leave to withdraw his motions to compel and instead file a motion for in camera review so that he may discover the identity of John Doe #1 and the last known addresses for the un-served Defendants. (Dkt. 44.) Upon reviewing the record, the Court finds that the Plaintiff has been afforded a great deal of latitude and instruction in regards to effectuating service upon all Defendants in this case and has failed to satisfy this requirement. (Dkt. 24, 34.) Thus, while the Court is aware of the Plaintiff's status as a *pro se* prisoner litigant, the fact remains that *pro se* litigants are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814

F.2d 565, 567 (9th Cir. 1987). Here, Plaintiff has failed to properly serve Defendants Garrett, Huffman, Epp, and John Doe #1. As such, the Court agrees that these Defendants should be dismissed without prejudice.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on February 24, 2015 (Dkt. 42) is **ADOPTED** and, for the reasons stated therein, Defendants Dr. Garrett, Lorna Huffman, Jan Epp, and John Doe #1 are **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that the Motion to Lift the Stay (Dkt. 45) is **MOOT** and shall be **CLOSED**.

DATED: **April 16, 2015**

Honorable Edward J. Lodge
U. S. District Judge